**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RUTH WASHINGTON HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3241** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | **SECTION "N" (3)** |

**REPORT AND RECOMMENDATION**

On February 16, 2011, Defendant's Motion to Dismiss [Doc. #15] and Plaintiff's Motion to Dismiss Defendant's 12(b) Motion and Refer It to the Merits in Converting It to a Summary Judgment Motion under the Federal Rules of Civil Procedure [Doc. #25] came on for oral hearing before the undersigned. Present were William Jared Vincent on behalf of plaintiff and Jason Bigelow on behalf of defendant. After the oral hearing, the Court took the motion under advisement. Having reviewed the motion, the opposition, the case law and the parties' arguments, the Court rules as follows.

## I. Background

This is an appeal of the denial of social security benefits. On December 17, 2007, plaintiff filed an application for a period of disability, disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). Defendant denied the applications at the initial and reconsideration levels. On July 30, 2009, and after an administrative

hearing, an Administrative Law Judge ("ALJ") denied plaintiff's applications and found plaintiff not disabled under the Act. Plaintiff appealed the denial to the Appeals Council.

On June 4, 2010, the Appeals Council denied review. Attached to the denial is the letter that explains in detail plaintiff's right to appeal. The letter states that plaintiff has the right to commence a civil action within 60 days of receipt of the letter. Plaintiff untimely filed her civil action on September 23, 2010.

After defendant filed his motion to dismiss, plaintiff sought a waiver and an extension of time to file her appeal in a letter dated December 21, 2010. On January 14, 2011, the Commissioner denied the waiver and request, finding that plaintiff had no good cause to file her complaint untimely.

## II. The Parties' Contentions

### A. Defendant

Defendant argues that plaintiff had until August 9, 2010 to file her complaint. Such date includes the presumption that plaintiff received the notice of denial five days after mailing. Because plaintiff failed to file her complaint until September 23, 2010, defendant argues that the complaint is untimely. Defendant submits the affidavit of Patrick Herbst, which outlines the relevant dates.[1] Defendant points to a letter from plaintiff's counsel dated December 21, 2010 in which plaintiff's counsel acknowledged that he had received the notice of dismissal on June 10, 2010. Defendant notes that counsel for plaintiff represented her both at the administrative hearing and represents her now before this Court so he should not have been surprised by the filing deadline. Noting that the

---

[1] Herbst is the Chief of Court Case Preparation and Review Branch VI of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration.

United States, as sovereign, is immune from suit unless it consents to be sued, defendant argues that sovereign immunity must be strictly construed.

Defendant also argues that the decision to extend the 60-day filing deadline lies with the Commissioner. The regulations provide examples of circumstances when good cause exists to extend the deadline, and these include illness, death in the family, destruction of documents, active attempts to obtain evidence, lack of receipt of notice, receipt of inaccurate information and unusual or unavoidable circumstances. Plaintiff argues that unusual circumstances existed here because the employee who was to file the pleading quit and never informed counsel that she had not filed it. The Appeals Council found that it is not rare or uncommon for employees to fail to follow instructions and that ultimately, the claimant's representative is responsible for the action on behalf of the claimant. The Appeals Council also pointed out that counsel for plaintiff failed to exercise reasonable diligence in asking for an extension once he realized that the pleading was untimely. Defendant notes that the denial of an extension of time is not an agency determination that is subject to judicial review. 20 C.F.R. § 404.903(j).

Lastly, defendant argues that there are no circumstances that justify equitable tolling here. Defendant contends that plaintiff's counsel knew the complaint was untimely on September 23, 2010 but failed to move to extend the deadline until the Commissioner moved to dismiss the lawsuit on this ground.

In response to plaintiff's motion to convert and relying on Fifth Circuit case law, defendant notes that, when considering a motion to dismiss, the courts have recognized that is it proper for a court to consider documents attached not to the pleadings but to the motion to dismiss when the complaint refers to those documents, and the documents are central to a plaintiff's claim. Defendant

notes that it attached the Herbst affidavit to its motion to dismiss, in which Herbst sets out the applicable dates to determine whether plaintiff timely filed her complaint. Defendant notes that plaintiff refers to defendant's unfavorable determination of plaintiff's claim in her complaint, and the unfavorable determination is central to her claim.

Defendant also reiterates the argument that the Appeals Council's denial of her request to untimely file her motion is a decision not subject to judicial review. Defendant notes that the only issue here is whether equitable tolling applies. Citing case law, defendant contends that the lack of due diligence on the part of the attorney does not warrant equitable tolling.

**B. Plaintiff**

Plaintiff first argues that because 42 U.S.C. § 405, which governs social security appeals, states that a party "may" obtain review of the commissioner's decision by filing suit in a district court, the statute is permissive, and equitable tolling applies. Plaintiff contends that she satisfies good cause here to untimely file her complaint because of unusual circumstances. Counsel for plaintiff notes that he was training an assistant to e-file in this Court. That assistant quit three weeks later when her boss was taking a deposition in England. Counsel was unaware that the assistant had not filed the complaint. Counsel notes that he thought it more prudent to file the complaint before asking for an extension.

Plaintiff also notes that when it denied her motion for an extension, the Appeals Council addressed only "unusual" – and not "unavoidable" – circumstances. Defining "unavoidable" through Black's Dictionary as "uncommon," "not usual" and "rare," counsel for plaintiff argues that the quitting of his secretary constitutes an unavoidable circumstance.

Because defendant attached the Herbst affidavit and its exhibits to his motion to dismiss,

plaintiff asks the Court to convert the motion to dismiss into a motion for summary judgment. Plaintiff contends that she is entitled to discovery if the Court converts the motion to dismiss into a motion for summary judgment. Specifically, plaintiff wants to depose the ALJ to determine what constitutes "good cause" in the ALJ's opinion for an extension of time to file. Plaintiff contends that discovery would constitute records depositions and a request for production of all cases in which the Appeals Council and the ALJ have found "good cause" to extend so that plaintiff can determine whether circumstances like hers have warranted an extension before. Plaintiff argues that his counsel's affidavit, attached to the motion, raises a genuine issue of material fact as to whether the circumstances here constitute "good cause" for an extension.

## III. Law and Analysis

Title II of the Social Security Act ("SSA"), Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Judicial review is limited by Section 405(h) to the procedures set forth in the Act. 42 U.S.C. § 405(h). *Harper by Harper v. Bowen*, 813 F.2d 737 739 (5th Cir. 1987). Thus, whether there is jurisdiction depends on whether the actions of the SSA amount to a final decision after a hearing by the Commissioner under Section 405(g). *Id.*

The Commissioner has established a regulatory system for administrative review, leading up to a final decision that may then be appealed to the district court. The process is begun when an individual files a claim with the SSA for benefits. This claim is either granted or denied, creating an initial determination. Next, the claimant must file a request for and receive a reconsideration.

The Commissioner reviews the claim again and then issues a reconsidered determination. After obtaining the initial and reconsidered determinations, a dissatisfied claimant may file for an evidentiary hearing before an ALJ. If the claimant objects to the subsequent decision, he or she may appeal the ALJ's determination to the Appeals Council. The decision rendered at the initial, reconsideration, and ALJ stage is binding on the claimant unless further administrative review with the Appeals Council is sought within 60 days. These four steps exhaust the claimant's administrative remedies.

Following this exhaustion of the administrative remedies with a final decision being rendered by the Appeals Council, judicial review may be sought in the district court. 20 C.F.R. § 416.1481; *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("Section [4]05(g) clearly limits judicial review to a particular type of agency action, a 'final decision of the Commissioner made after a hearing.'"). Although a decision rendered on a claim at each stage of the proceedings is final and binding on the parties unless they proceed to the next step in the process, the regulatory scheme provides that a "final decision" allowing judicial appeal is rendered by the Commissioner for the purposes of Section 405(g) of the SSA when the Appeals Council either reviews or denies review of the ALJ's decision. 20 C.F.R. § 416.1481. After such a "final decision," the claimant has 60 days in which to file for judicial review of the decision or else it is binding. *Id.*

Thus, the regulations provide for district court review only when the Appeals Council has reviewed or denied a request for review. However, if the Appeals Council dismisses the request for it to review for untimeliness, such "dismissal . . . is binding and not subject to further review." 20 C.F.R. § 416.1472. The Appeals Council does have the discretion, however, to grant an extension of time to seek review; extension will be granted if the claimant can show good cause for missing

the deadline for review. 20 C.F.R. § 416.1468(b). The regulations provide that the denial of a request for an extension is not subject to judicial review. 20 C.F.R. §§ 404.903(j), 416.1472.

Plaintiff here filed her notice of appeal well after the 60-day deadline (approximately 45 days after the August 9, 2010 deadline). Accordingly, the Court does not have jurisdiction to hear her appeal unless equitable tolling applies or the Appeals Council allowed plaintiff an extension of time within which to file her complaint. The Appeals Council held that plaintiff demonstrated no "good cause" for an extension of the deadline. That decision is not subject to judicial review by this Court. 20 C.F.R. §§ 404.903(j), 416.1472. Accordingly, this Court can not find that the Appeals Council abused its discretion in finding that plaintiff failed to demonstrate good cause for an extension.

In addition, the Court finds that equitable tolling does not apply here. As the Appeals Council held, it is not rare or uncommon for an employee to fail to follow directions, and plaintiff's counsel is ultimately responsible for timely filing the notice of appeal on behalf of plaintiff. The court may toll the limitations period only in "exceptional circumstances." *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990). "Exceptional circumstances" usually means government misconduct prejudicial to the claimant. *See, e.g., Bowen v. City of New York*, 476 U.S. 467 (1986). Plaintiff does not allege that the Commissioner misled her or failed to follow his own regulations. Plaintiff and her counsel have not shown such "exceptional circumstances" as to warrant equitable tolling.

As to Plaintiff's Motion to Dismiss Defendant's 12(b) Motion and Refer It to the Merits in Converting It to a Summary Judgment Motion under the Federal Rules of Civil Procedure [Doc. #25], the Court does not find it mandatory to convert the motion to dismiss into a motion for summary judgment. The Fifth Circuit has approved a district court's review of documents attached to a motion to dismiss when a plaintiff refers to them in her complaint and they are central to her

claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Plaintiff refers to the unfavorable decision at the agency level, and such decision is central to her claim. In addition, the affidavit of Herbst, attached to defendant's motion to dismiss, merely sets forth the relevant dates to determine whether plaintiff timely filed her complaint. The dates are present in defendant's motion, and plaintiff does not dispute the dates. Accordingly, the affidavit was – and is – generally unnecessary in any event.

## IV. Conclusion

While the Court sympathizes with plaintiff's plight, the Court finds that plaintiff's filing here was untimely and not subject to equitable tolling. Accordingly,

**IT IS RECOMMENDED** that the Defendant's Motion to Dismiss [Doc. #15] be GRANTED.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Dismiss Defendant's 12(b) Motion and Refer It to the Merits in Converting It to a Summary Judgment Motion under the Federal Rules of Civil Procedure [Doc. #25] be DENIED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this 17th day of February, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**